# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No. 12cv1458-BTM |
| Plaintiff-Respondent, | Crim. Case No. 11cr2064-BTM |
| v. | **ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |
| NALLEY RIOS-CHAVEZ, | |
| Defendant-Movant. | |

Nalley Rios-Chavez ("Defendant"), a federal inmate proceeding *pro se*, has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Defendant's § 2255 motion and a Certificate of Appealability are **DENIED**.

## I. BACKGROUND

On May 24, 2011, an information was filed, charging Defendant with importing approximately 48.25 kilograms of cocaine into the United States. (Information, May 24, 2011, ECF No. 12.) On June 14, 2011, Defendant pled guilty pursuant to a Plea Agreement. (Plea Agreement, June 14, 2011, ECF No. 18.) In the Plea Agreement, Defendant

acknowledged that, unless the "safety valve" provision applied, see U.S.S.G. § 5C1.2, the crime to which she was pleading guilty carried a mandatory minimum of 10 years, and that her sentence was within the sole discretion of the sentencing judge. (Id. at 3, 6, & 8.)  On November 15, 2011, the Court sentenced Defendant to a 37-month term of imprisonment, followed by a three-year term of supervised release. (ECF No. 33.)

## II.  DISCUSSION

On June 14, 2012, Defendant filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 28.)  Under § 2255, a prisoner may move to vacate, set aside, or correct her sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

Defendant argues for a sentence reduction, but Defendant waived her right to collaterally attack her sentence.  "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made."  United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citing United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005)).  The Ninth Circuit has also recognized that a waiver barring collateral attack of a conviction or sentence is enforceable when voluntarily made.  See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Here, Defendant entered a Plea Agreement, filed on June 14, 2011, that expressly waived her right to collaterally attack her sentence:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.  If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed.

(Plea Agreement at 10.)  First, the Court imposed a sentence of 37 months, which is less than the Government's recommended guideline range of 41 to 51 months.  Second, while Defendant has alleged ineffective assistance of counsel, she has failed to allege any facts to support her claim.

A defendant seeking to challenge the validity of her guilty plea on the ground of ineffective assistance of counsel must demonstrate that her counsel's performance was deficient and that this deficient performance prejudiced her.  For the defendant to establish prejudice where she has pled guilty, she must show a reasonable probability either that, "but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial," Hill v. Lockhart, 474 U.S. 52, 59 (1985), or that "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."  Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012).

Defendant claims that she was denied effective assistance of counsel due to her counsel's failure to:

> "(1) mitigate or challenge the statements made in the indictment and at sentencing; (2) in his/her failure to investigate all aspects, witnesses and circumstances of the case; (3) by his/her failure to aggressively invoke any legal principles stated in recent case law and guideline rules; (4) his/her failure to require the government to establish any scientific identification or expert analysis of the relevant substance (i.e., cocaine base/crack) and (5) his/her misadvice and insistance *[sic]* to accept the plea agreement."

Def. § 2255 Mot. at 3.  However, she does not allege any facts to support these conclusory statements.  As to prejudice, Defendant states only that "[t]he government's ability to indict and convict the Petitioner without proof of the nature or amount of the controlled substance because of the counsel's failure to demand or establish a scientific identification of the relevant substance ... was an effective method to prejudice the court against the Petitioner." Id. at 4.  Again, such statements are entirely conclusory, and Defendant has not alleged any facts to support a finding of prejudice.  Furthermore, the Presentence Report notes that "[l]ab analysis of the cocaine indicates a net weight of

40.63 kilograms." PSR (ECF No. 25) at 1:29-30.  Defendant offers no evidence to the contrary.

Finally, Defendant argues that under DePierre v. United States, 131 S. Ct. 2225 (2011), the Government is required to establish the "scientific identification of the [cocaine-related] substance" through a lab analysis to support the conviction.  This argument fails for two reasons.  First, the Supreme Court in DePierre held that "the term 'cocaine base' as used in [20 U.S.C.] § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form," Id. at 2237, rejecting the defendant's argument that the term "cocaine base" should be read to mean only "crack cocaine."  This case, however, does not involve cocaine base.  Second, as part of Defendant's plea agreement, she stipulated to a factual basis supporting the guilty plea, including admitting that she imported approximately 48.25 kilograms of cocaine into the United States.  Plea Agreement at 3.  Additionally, as noted above, the lab test concluded that the substantive was 40.63 kilograms of cocaine.

Because Defendant validly waived her right to collaterally attack her sentence, and because her claims fail on the merits for the reasons above, the Court **DENIES** Defendant's motion under 28 U.S.C. § 2255.

### III.  CONCLUSION

Defendant's collateral attack of her sentence is barred by a valid waiver.  Further, Defendant's claims fail on the merits.  The Court therefore **DENIES** Defendant's motion under 28 U.S.C. § 2255 and **DENIES** a Certificate of Appealability.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: May 29, 2013

*/s/ Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court